[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13997
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00040-MTT-CHW-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAD JACQUE WALLACE,
a.k.a. Anna,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 18, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Jamad Wallace appeals his sentence of 120 months of imprisonment after pleading guilty to possession of stolen firearms. *See* 18 U.S.C. § 922(j). The government has moved to dismiss the appeal on the ground that in his plea agreement, Wallace waived his right to appeal the sentence.

In Wallace's plea agreement, he agreed to waive "any right to appeal or any other court review" of his sentence, including through collateral attack, except for a claim of ineffective assistance of counsel. The waiver provision permitted appeal in two narrow circumstances: (a) if the district court imposed a sentence that exceeded the guideline imprisonment range as determined by the district court; or (b) if the government appealed. Wallace initialed each page of the agreement, and the final two pages were signed by the government, Wallace, and Wallace's counsel.

The district court accepted Wallace's guilty plea after conducting a plea colloquy. During the plea colloquy, the court informed Wallace of the appeal waiver and its exceptions. Wallace responded that he had no questions about the waiver and that he freely and voluntarily gave up his right to appeal the sentence except as set forth in the plea agreement. The prosecutor also mentioned that the parties had discussed Wallace's concerns about the appeal waiver "at length" when negotiating the plea agreement.

Following the plea hearing, a probation officer prepared a presentence investigation report ("PSR"), calculating a recommended guideline range of 100 to

2

120 months of imprisonment.  Wallace filed objections to the calculation of the base offense level under U.S.S.G. § 2K2.1(a)(4)(A) and the application of an enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

At sentencing, the district court overruled Wallace's objections and sentenced him to 120 months of imprisonment, the statutory maximum, with half of that sentence to run consecutive to an undischarged state sentence of life imprisonment. Wallace now appeals, arguing that the district court erred in resolving the contested guideline issues at sentencing.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

We will enforce the appeal waiver in Wallace's plea agreement.  In response to the government's motion to dismiss, Wallace concedes that the district court specifically questioned him about the waiver during the plea colloquy.  And Wallace confirmed to the court that he had no questions about the waiver and that he freely and voluntarily gave up his right to appeal the sentence except as set forth in the plea

agreement. Accordingly, the record shows that the waiver was made knowingly and voluntarily. *See Bushert*, 997 F.2d at 1351. Nor does any exception to the waiver apply. The sentence was within the guideline range as determined by the court, and the government has not appealed.

Because the appeal waiver is valid and no exception applies, it bars Wallace from challenging the district court's resolution of guideline issues at sentencing. We therefore **GRANT** the government's motion to dismiss. At this time, we decline to address Wallace's claim of ineffective assistance of plea counsel because the record is insufficiently developed. *See generally Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

**APPEAL DISMISSED**.